IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOANN COKER BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:07cv1114-CSC |
| | ) | (WO) |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

**I. Introduction**

The plaintiff, Joann Coker Brown ("Brown"), applied for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq.*, alleging that she was unable to work because of a disability. Her application was denied at the initial administrative level. Brown then requested and received a hearing before an Administrative Law Judge ("ALJ") on April 7, 2006. Following the hearing, the ALJ denied the claim. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the court for review pursuant to 42 U.S.C. § 405 (g) and § 1631(c)(3). Pursuant to 28 U.S.C. § 636(c)(1)

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

and M.D. Ala. LR 73.1, the parties have consented to entry of final judgment by the United States Magistrate Judge. Based on the court's review of the record in this case and the briefs of the parties, the court concludes that the decision of the Commissioner should be reversed and this case remanded to the Commissioner for further proceedings.

## II. Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. . . .

To make this determination,[2] the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. § 404.1520, §416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The standard of review of the Commissioner's decision is a limited one.  This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997).  "Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  A reviewing court may not look only to those parts of the record which support the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III.  Administrative Proceedings

Brown was 51 years old at the time of the hearing before the ALJ.  (R. 247.)  She completed tenth grade and obtained a graduate equivalency diploma.  (R. 253.)  Brown's prior work experience includes working as a deli-slicer, cashier, assembler, and machine operator.  (R. 247, 253-54, 259.)  The ALJ found that Brown's status post partial

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits.  Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker,* 651 F.2d 408 (5th Cir. 1981) (Unit A).

hemilaminectomy and discectomy of the lumbar spine and bronchitis are severe impairments. (R. 14.) In addition, the ALJ found that Brown's migraine headaches were a non-severe impairment. (*Id.*) Next, the ALJ determined that Brown has the residual functional capacity to perform work at the light exertional level. (R. 16.) The ALJ concluded that Brown is capable of returning to her past relevant work as a deli-slicer and cashier. (R. 17.) Accordingly, the ALJ concluded that Brown is not disabled. (*Id.*)

## IV.  Discussion

Brown's sole contention is that the ALJ erred in determining that her migraine headaches are a non-severe impairment. The severity step is a threshold inquiry which allows only "claims based on the most trivial impairment to be rejected." *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986). Indeed, a severe impairment is one that is more than "a slight abnormality or combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." *Bowen v. Yuckert*, 482 U.S. 137, 154 n. 12 (1987) (citing with approval Social Security Ruling 85-28 at 37a).

A physical or mental impairment is defined as "an impairment that results from anatomical, physiological or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(c). The plaintiff has the "burden of showing that [her] impairments are 'severe' within the meaning of the Act." *McDaniel*, 800 F.2d at 1030-31. Once the plaintiff establishes that she suffers from a severe impairment, the ALJ is not entitled to ignore that evidence.

In his analysis, the ALJ found that "there is no evidence of abnormal diagnostic findings" and that Brown "required no frequent emergency room treatment or hospitalization for her alleged disabling headaches." (R. 14.) The ALJ's finding concerning the absence of abnormal diagnostic findings is incorrect; neither the Social Security Administration nor the federal courts require that the severity of migraine headaches be proven through objective clinical findings. *Thompson v. Barnhart*, 493 F. Supp. 2d 1206, 1215 (S.D. Ala. 2007). Migraine headaches cannot be diagnosed or confirmed through laboratory or diagnostic techniques. *See*, *e.g.*, *Thompson*, 493 F. Supp. 2d at 1215 n. 7; *Guinn v. Chater*, No. 95-7127, 83 F.3d 431, 1996 WL 211140, at *3 (10th Cir. 1996) (Table) (There is no "dipstick laboratory test" for migraine headaches.); *Duncan v. Astrue*, No. 4:06cv230-FL, 2008 WL 111158, *6 (E.D.N.C. 2008); *Blanton v. Astrue,* No. 08-4010-SAC, 2008 WL 4587923, at *6 (D. Kan. 2008); *Wiltz v. Barnhart*, 484 F. Supp. 2d 524, 532 (W.D. La. 2006) ("Migraine headaches are particularly unsusceptible to diagnostic testing."); *Ortega v. Chater*, 933 F. Supp. 1071, 1075 (S.D. Fla. 1996) ("[P]resent-day laboratory tests cannot prove the existence of migraine headaches."). Consequently, medical signs and symptoms, such as nausea, vomiting, eye pain, aura, photophobia and phonophobia, are often the only means to prove the existence of migraine headaches. *Thompson*, 493 F.Supp. at 1216 n. 8.

The medical records indicate that Brown has received extensive treatment for migraine headaches over a ten year period. In June 1998, Dr. P. Caudill Miller, a neurologist, diagnosed Brown as suffering from a migraine headache and prescribed Amerge, Midrin, and Phenergan. (R. 68-69.) On at least eighteen occasions in 2001, four occasions

5

in 2002, six occasions in 2003, four occasions in 2004, and four occasions in 2005, Brown went to Tallassee Family Care or PriMed complaining of severe headaches. (R. 164-67, 174, 178-79, 181, 186, 188-92, 194-99, 202, 205, 217, 221, 224-25, 227.)[4] On each occasion, a general practitioner diagnosed Brown as suffering from migraine headaches and prescribed a variety of medication, including Amerge, Frova, and Relpax, to treat her condition.[5] (*Id.*) During these doctor's visits, Brown frequently complained of suffering from headaches, nausea, photophobia, and sonophobia. (*Id.*) During seventeen of these doctor's visits, Brown received injections of Demerol, Toradol, and/or Phenergan to treat her symptoms.[6] (R. 164, 178, 181, 186, 188, 192, 194, 196, 197, 202, 205, 217, 221, 224, 225, 227.) In October 2004, Brown also went to Community Hospital, where emergency room personnel diagnosed her as suffering from a migraine headache and administered injections of Demerol and Phenergan to treat her symptoms. (R. 100.)  Thus, the medical evidence establishes that Brown suffered from several symptoms indicative of migraine headaches, that she was diagnosed as suffering from migraine headaches on numerous occasions, that she frequently received injections for the treatment of migraines, and that she was routinely prescribed

---

[4] The photocopy of the Tallassee Family Care progress notes is incomplete. (R. 179.) Thus, it is impossible for the court to determine the significance of these medical records. *See Kelley v. Heckler*, 761 F.2d 1538 (11th Cir. 1985) (An ALJ has a duty to develop a full and fair record.).

[5] Both Amerge and Relpax are indicated for the acute treatment of migraine with or without aura. Physicians' Desk Reference, 62nd ed. (2008) at pp. 1320-21, 2528. Frova is a selective serotonin receptor agonist used to treat migraine attacks. *Id.* at p. 1112.

[6] Demerol, also known as meperidine hydrochloride, is a narcotic analgesic with multiple actions qualitatively similar to those of morphine. Physicians' Desk Reference, 53rd ed. (1999) at p. 2780. Toradol is a nonsteroidal anti-inflammatory drug. *Id.* at p. 2716. Phenergan is used to prevent and control nausea and vomiting. *Id.* at p. 3356.

medication for the treatment of her condition.

The Commissioner argues that Brown has failed to demonstrate that her migraine headaches were a severe impairment because she received conservative treatment for her headaches during the relevant time period. Specifically, the Commissioner maintains that there is only one treatment record for a migraine headache after the onset date of March 29, 2005. The record, however, is replete with references indicating Brown was unable to afford medical treatment during the relevant time period. During the hearing, Brown testified that she did not go to physical therapy after receiving back surgery because she no longer had health insurance and was not covered under her husband's insurance program. (R. 249.) In addition, the medical records indicate that, on April 14, 2005, a physician noted that Brown "is currently without insurance" and "is between jobs." (R. 158.) The record also demonstrates that, on occasion, medical personnel provided Brown with samples of medication to treat her migraine headaches and other health problems. (R. 40, 158.) While failure to seek treatment is a legitimate basis to discredit the testimony of a claimant, it is the law in this circuit that poverty excuses non-compliance with prescribed medical treatment or the failure to seek treatment. *Dawkins v. Bowen*, 848 F.2d 1211 (11th Cir. 1988). Consequently, on remand, the the ALJ should consider whether Brown's financial condition prevented her from seeking additional medical treatment for her migraine headaches.

Because the ALJ's finding concerning the lack of abnormal diagnostic findings is incorrect as a matter of law and in light of medical records indicating that Brown was diagnosed with, and received medical treatment for, her migraine headaches on a frequent

basis when she had the ability to afford medical treatment, the court cannot conclude that the ALJ's determination that her migraine headaches are a non-severe impairment is supported by substantial evidence.

## V.  Conclusion

Accordingly, the court concludes that this case be reversed and remanded to the Commissioner for further proceedings consistent with this opinion.

A separate order shall accompany this opinion.

Done this 7th day of November, 2008.

                                        /s/Charles S. Coody
                                        CHARLES S. COODY
                                        UNITED STATES MAGISTRATE JUDGE